1
2
3
4          UNITED STATES DISTRICT COURT
5          DISTRICT OF NEVADA
6   JOSHUA R. GANN,                              3:15-cv-00264-MMD-WGC
7                           Plaintiff,
8          v.                                **REPORT & RECOMMENDATION OF**
                                             **U.S. MAGISTRATE JUDGE**
9   STEVEN SAYLOR
    and DOES I-X,
10
11                          Defendants.

12          This Report and Recommendation is made to the Honorable Miranda M. Du, United

13   States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to

14   28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

15          Before the court are Plaintiff's application to proceed in forma pauperis (IFP) (Doc. # 1)

16   and proposed pro se complaint (Doc. # 1-1).

17          **I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

18          A person may be granted permission to proceed in forma pauperis if the person "submits

19   an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

20   unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

21   action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

22   § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

23   applies to all actions filed in forma pauperis, not just prisoner actions).

24          In addition, the Local Rules of Practice for the District of Nevada provide: "Any person,

25   who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed

26   *in forma pauperis*. The application shall be made on the form provided by the Court and shall

27   include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

28   LSR 1-1.

1    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

2    particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

3    (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

4    absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*

5    *Co.*, 335 U.S. 331, 339 (1948).

6         A review of Plaintiff's application reveals that he is unable to pay the filing fee. As a

7    result, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be granted.

8    **II. SCREENING**

9    **A. Standard**

10        28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court

11   determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon

12   which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

13   from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in

14   forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122,

15   1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per

16   curiam).

17        Dismissal of a complaint for failure to state a claim upon which relief may be granted is

18   provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same

19   standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended

20   complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review

21   under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

22   232 F.3d 719, 723 (9th Cir. 2000).

23        In reviewing the complaint under this standard, the court must accept as true the

24   allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976),

25   construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the

26   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se

27   complaints are held to less stringent standards than formal pleadings drafted by lawyers, and

28

1  must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

2  U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

3      A complaint must contain more than a "formulaic recitation of the elements of a cause of

4  action," it must contain factual allegations sufficient to "raise a right to relief above the

5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

6  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

7  legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and

8  Procedure §  1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough

9  facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*,

10  556 U.S. 662, 678 (2009).

11      A dismissal should not be without leave to amend unless it is clear from the face of the

12  complaint that the action is frivolous and could not be amended to state a federal claim, or the

13  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

14  1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

15  Cir. 1990).

16  **B. Plaintiff's Complaint**

17      Plaintiff's complaint names Steven Saylor and Does I-X as defendants. (Doc. # 1-1 at 1.)

18  He asserts that this court has federal question jurisdiction because the action involves federal

19  laws and regulations governing mining, as well as diversity jurisdiction because he resides in

20  California while the defendants reside in Nevada. (*Id.*)

21      Plaintiff alleges that he filed and recorded mining claims for "Peyton's Place # 1 and # 2

22  Placer and Lode claims" in the Storey County Recorder's office and with the Bureau of Land

23  Management (BLM) in 2005 and has since maintained those claims. (*Id.*)

24      Plaintiff alleges that on March 30, 2009, Defendant forcibly entered Plaintiff's mining

25  claims, and caused his agent, Ray Daugherty, a member of the "Righteous Ones" motorcycle

26  gang, to force Plaintiff from his claims where he was encamped, causing Plaintiff to fear for his

27  safety. (*Id.* at 2.) He was also threatened with physical violence when he attempted to take

28  pictures of his personal property. (*Id.*) Defendants physically blocked Plaintiff from accessing

1  the mining claims, and he was not able to enjoy and develop them until he was awarded

2  summary judgment in a quiet title action in August 2013. (*Id.*) He claims that Defendants

3  recorded fraudulent affidavits with the Storey County Recorder to begin their scheme to steal one

4  thousand tons of ore from Plaintiff's mine and convert ownership of the claims, and did remove

5  the ore. (*Id.*) Defendants then recorded amended claims for lodes East Yellow Jacket # 1, but no

6  original certificate for this lode had ever been recorded with Storey County; therefore, he

7  contends the amended claims were false. (*Id.*) Then, the Defendants recorded an ante-dated

8  certificate for this lode, falsely identifying an original certificate dated January 27, 2003. (*Id.*)

9  Plaintiff claims this violates Nevada Revised Statute (NRS) 517.300. (*Id.* at 3.)

10      In May 2011, Defendants ignored a demand letter and notice of trespass sent by

11  Plaintiff's then-law firm, Joey Gilbert and Associates. (*Id.*) Plaintiff sent another certified

12  demand letter to Defendants on September 16, 2011. (*Id.*) Plaintiff filed civil suit against

13  Defendants in Storey County Justice Court on October 3, 2011. (*Id.*) He was advised that the

14  issues were too complicated for the justice court and he dismissed the action without prejudice.

15  (*Id.*)

16      Plaintiff claims that he was contacted in February 2013 by an employee of a Reno law

17  firm who informed him Defendant had posted images of two water tanks worth over $2,500 that

18  were stolen from Plaintiff's mining claims, and Plaintiff reported the theft to the Storey County

19  Sheriff's Office. (*Id.*)

20      On September 9, 2013, Defendant recorded an affidavit of proof of labor stating that he

21  removed ore from Plaintiff's mining claims as part of his assessment work for the East Yellow

22  Jacket # 1 lode claim; Plaintiff reported theft of the ore. (*Id.*)

23      In August 2013, Plaintiff's company, Comstock Resources, LLC, prevailed in a quiet title

24  action. (*Id.* at 4.)

25      Based on these factual allegations, Plaintiff asserts the following claims: (1) violation of

26  NRS 40.230-forcible entry; (2) violation of NRS 40.240-forcible detainer; (3) NRS 40.170-treble

27  damages for the forcible entry claim; (4) violation of NRS 40.180-damages for working mine or

28  mining claim; (5) violation of NRS 200.471-assault; (6) violation of NRS 205.0832-theft;

(7) violation of NRS 205.395-false representation concerning title; (8) intentional infliction of emotional distress (IIED); (9) trespass to chattel; (10) conversion; (11) violation of NRS 40.140-nuisance. (*Id*. at 4-5.)

While Plaintiff mentions that he is asserting federal mining claims, the actual claims asserted in the complaint all sound in State law. Plaintiff contends that the court may exercise diversity jurisdiction over those claims based on the fact that he resides in California and the defendants reside in Nevada. The court will now address whether Plaintiff does in fact state colorable claims for relief under Nevada law.

**C. Analysis**

**1. NRS 40.230 (forcible entry), NRS 40.240 (forcible detainer), NRS 40.170 (treble damages for forcible entry claim)**

NRS 40.230 defines forcible entry as "breaking open doors, windows or other parts of a *house*, or by fraud, intimidation or stealth, or by any kind of violence or circumstance of terror, enters upon or into any *real property*." (Emphasis added.)

NRS 40.240 defines forcible detainer as a person who "[b]y force, or by menaces or threats of violence, unlawfully holds and keeps the possession of any *real property*, whether the same was acquired peaceably or otherwise" or who "in the nighttime, or during the absence of the occupant of any *real property*, unlawfully enters thereon, and who, after demand made for surrender thereof, refuses for a period of 3 days to surrender the same to such former occupant." (Emphasis added.)

NRS 40.170 provides that damages in actions for forcible or unlawful entry may be trebled.

Plaintiff alleges that the Defendants' forcibly entered and detained his "property" on March 30, 2009; however, he filed this action on May 19, 2015. The statute of limitations for trespass to real property and an action upon a liability created by a statute is three years in Nevada. Nev. Rev. Stat. 11.190(3)(a), (b). Therefore, these claims should be dismissed with prejudice.

///

- 5 -

**2. NRS 40.180**

This statute provides:

1. Any person being the owner of, or in possession under any lease or contract for the working of any mine or mines within this state, shall have the right to institute and maintain an action for the recovery of any damages that may accrue by reason of the manner in which any mine or mines have been or are being worked and managed by any person who may be the owner, or in possession of and working such mine or mines under a lease or contract, and to prevent the continuance of working and managing such mine or mines in such manner as to hinder, injure, or in anywise endanger the safety of any mine or mines adjacent or adjoining thereto.

2. Any such owner of, or person in the possession of, any mine or mining claim, who shall enter upon or into, in any manner, any mine or mining claim, the property of another, and mine, extract, excavate or carry away any valuable mineral therefrom shall be liable to the owner of any such mine or mines trespassed upon in the amount of the value of all such mineral mined, extracted, excavated or carried away, and for all other damages, and in the absence of a showing to the contrary, the value of all such mineral mined, extracted, excavated or carried away shall be presumed to be twice the amount of the gross value of the same ascertained by an average assay of the excavated material or the ledge from which it was taken. If such trespass was made in bad faith, such damages may be trebled.

Nev. Rev. Stat. 40.180.

Plaintiff appears to allege that he heard about the removal of ore from his mining claim due to Saylor's affidavit on September 9, 2013. Accordingly, he should be allowed to proceed with this claim.

**3. NRS 200.471 (assault)**

This claim relates to Defendant's alleged threat of physical violence on March 31, 2009. In Nevada, the statute of limitations for personal injury actions is two years. Nev. Rev. Stat. 11.190(4)(e). Plaintiff filed this action in May of 2015; therefore, this claim should be dismissed with prejudice.

**4. NRS 205.0832 (theft)**

NRS 205.0832 defines actions that constitute theft. Plaintiff includes various allegations that could potentially state a claim under this statute: (1) the theft of the ore he found out about on September 9, 2013; (2) the water tanks he found out were stolen from his mining claim in February 2013; and (3) the wrongful taking of the mining claims in in 2009.

- 6 -

1    Plaintiff should be allowed to proceed with the theft claim related to the ore he found out

2    was taken on September 9, 2013, as well as the claim related to the water tanks that he found out

3    about in February 2013, as they come within the three year statute of limitations for an action for

4    the taking of personal property. Nev. Rev. Stat. 11.190(3)(c). Insofar as the theft claim is

5    predicated on the allegation that Defendant wrongfully took his mining claims in 2009 (for

6    which he contends a demand letter was sent in May 2011), it is barred by the statute of

7    limitations and should be dismissed with prejudice.

8    **5. NRS 205.395 (false representation concerning title)**

9    This claim appears to center on the allegation that Defendants' supposedly made false

10   representations regarding the mining claim in East Yellow Jacket # 1. This statute provides:

11   1. Every person who:
     (a) Claims an interest in, or a lien or encumbrance against, real property in a

12   document that is recorded in the office of the county recorder in which the real
     property is located and who knows or has reason to know that the document is

13   forged or groundless, contains a material misstatement or false claim or is
     otherwise invalid;

14   (b) Executes or notarizes a document purporting to create an interest in, or a lien
     or encumbrance against, real property, that is recorded in the office of the county

15   recorder in which the real property is located and who knows or has reason to

16   know that the document is forged or groundless, contains a material misstatement
     or false claim or is otherwise invalid; or

17   (c) Causes a document described in paragraph (a) or (b) to be recorded in the

18   office of the county recorder in which the real property is located and who knows
     or has reason to know that the document is forged or groundless, contains a

19   material misstatement or false claim or is otherwise invalid,
     has made a false representation concerning title.

20
     Nev. Rev. Stat. 205.395(1).

21
     The statute provides for criminal penalties, as well as civil penalties not to exceed $5,000

22
     per violation; however, such an action must be brought in the name of the State of Nevada by the

23
     Attorney General. Nev. Rev. Stat. 205.395(2)-(4).

24   The owner or holder of the beneficial interest in real property which is the subject
     of a false representation concerning title may bring a civil action in the district

25   court in and for the county in which the real property is located to recover any
     damages suffered by the owner or holder of the beneficial interest plus reasonable

26   attorney's fees and costs. The owner or holder of the beneficial interest in the real
     property must, before bringing a civil action pursuant to this subsection, send a

27   written request to the person who made the false representation to record a

28   document which corrects a false representation. If the person records such a

- 7 -

document not later than 20 days after the date of the written request, the owner or holder of the beneficial interest may not bring a civil action pursuant to this subsection.

Nev. Rev. Stat. 205.395(5). This wording indicates that sending this writing is a prerequisite to bringing a civil action. Plaintiff includes no allegations setting forth whether or not he has complied with this provision; therefore, this claim should be dismissed with leave to amend.

### 6. IIED

To state a claim for IIED in Nevada, a plaintiff must allege: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886, 115 Nev. 372 (1999). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26, 114 Nev. 1 (1998) (internal quotation marks omitted).

The only allegations that come close to plausibly stating an IIED claim are those asserting that Defendant forcibly entered Plaintiff's mining claims and caused a member of a motorcycle gang to force Plaintiff from the claim and threaten him with physical violence. Plaintiff alleges, however, that these events occurred in March of 2009. The statute of limitations for personal injuries is two years; therefore, this claim should be dismissed with prejudice. Nev. Rev. Stat. 11.190(4)(e).

### 7. Trespass to Chattel & Conversion

Trespass to chattel is the same as conversion except that conversion requires a greater amount of interference with one's personal property. "One who dispossesses another of a chattel is subject to liability in trespass for the damage done. If the dispossession seriously interferes with the right of the other to control the chattel, the action may also be subject to liability for conversion." Restatement (Second) of Torts § 222 (1965); *see also Bader v. Cerri*, 609 P.2d 314, 317 (Nev. 1980), *overruled on other grounds by Evans v. Dean Witter Reynolds*, 5 P.3d 1043 (Nev. 2000) ("A conversion occurs whenever there is a serious interference to a party's rights in

his property."). "The return of the property converted does not nullify the conversion. [But] [s]uch return does serve to mitigate damages." *Id.*

The statute of limitations for an action for the taking or injury to personal property or trespass to real property is three years. Nev. Rev. Stat. 11.190(3)(b), (c). It is not clear from the face of the complaint when the alleged trespass to chattel and conversion ceased. Plaintiff alleges his company obtained a quiet title award in August 2013; therefore, Plaintiff should be permitted to proceed with these claims to the extent he is alleging the trespass to chattel and conversion were still occurring within the three years leading up to the filing of the complaint.

**8. NRS 40.140 (nuisance)**

Plaintiff's last claim is for nuisance under NRS 40.140, which is defined, *inter alia*, as: "Anything which is injurious to health, or indecent and offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property[.]" Nev. Rev. Stat. 40.140(1)(A).

Plaintiff sufficiently alleges that Defendants obstructed the free use of his property, interfering with his enjoyment of the property. Therefore, he should be allowed to proceed with this claim to the extent the underlying conduct occurred within the three years preceding the filing of the complaint. Nev. Rev. Stat. 11.190(3)(b).

## III. RECOMMENDATION

**IT IS RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP Application (Doc. # 1) and instructing the **Clerk** to **FILE** the Complaint (Doc. # 1-1). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) Allowing the following claims to **PROCEED**:

(a) the fourth claim for relief for violation of NRS 40.180;

(b) the sixth claim for relief for theft under NRS 205.0832 as to the taking of ore in September 2013 and the taking of the water tanks in February 2013;

(c) the ninth and tenth claims for relief for trespass to chattel and conversion; and

(d) the eleventh claim for relief for violation of NRS 40.140 (nuisance);

(3) **DISMISSING WITH PREJUDICE** the following claims:

(a) the first claim for relief for violation of NRS 40.230 (forcible entry);

(b) the second claim for relief for violation of NRS 40.240 (forcible detainer);

(c) the third claim for relief under NRS 40.170 (treble damages);

(d) the fifth claim for relief for violation of NRS 200.471 (assault);

(e) the sixth claim for relief for theft under NRS 205.0832 insofar as it concerns the wrongful taking of the mining claims in 2009;

(4) **DISMISSING WITH LEAVE TO AMEND** the seventh claim for relief for violation of NRS 205.395 (false representation concerning title);

(5) If this report and recommendation is accepted and adopted, the court should direct the Clerk to issue a summons for the named defendant and send Plaintiff copies of the complaint and service of process form (USM-285). Plaintiff should be given twenty days to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendant. Within twenty days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff should be directed to file a notice with the court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court specifying the unserved defendant and providing a more detailed name and/or address for said defendant, or indicating that some other manner of service should be attempted. Plaintiff should be reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days of the date of this order.

(6) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendant or, if appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received by a district

1   judge or magistrate judge which has not been filed with the Clerk, or any document that fails to

2   include a certificate of service.

3   (7) Plaintiff should be given **THIRTY DAYS** from the date of any order adopting and accepting

4   this report and recommendation to file an amended complaint with respect to the seventh claim

5   for relief. If Plaintiff files an amended complaint, the amended complaint shall be served on the

6   defendant or counsel. Plaintiff should be advised that if he chooses to file an amended complaint,

7   it should be clearly titled as such by placing the words "AMENDED COMPLAINT" in the

8   caption. Pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without

9   reference to any prior complaint. Any allegations, parties or requests for relief from prior papers

10  that are not carried forward in the amended complaint will no longer be before the court. If

11  Plaintiff fails to file an amended complaint within the prescribed period of time, the action will

12  proceed as set forth in any order of the District Judge indicating the disposition of this report and

13  recommendation.

14          Plaintiff should be aware of the following:

15          1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

16  this Report and Recommendation within fourteen days of receipt. These objections should be

17  titled "Objections to Magistrate Judge's Report and Recommendation" and should be

18  accompanied by points and authorities for consideration by the district judge.

19          2. That this Report and Recommendation is not an appealable order and that any notice of

20  appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

21  until entry of judgment by the district court.

22

23  DATED: August 19, 2015.

24                                          _____
                                            WILLIAM G. COBB
25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

- 11 -