UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA R. GANN,<br><br>                        Plaintiff,<br>     v.<br><br>STEVEN SAYLOR , and DOES I-X,<br><br>                      Defendants. | Case No. 3:15-cv-00264-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE<br>WILLIAM G. COBB |

      Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (dkt. no. 4) ("R&R") relating to plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) and *pro se* complaint (dkt. no. 1-1). Plaintiff had until September 6, 2015, to file an objection to the R&R (dkt. no. 4). No objection to the R&R has been filed.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R. Upon reviewing the R&R and underlying briefs, this Court finds good cause to accept and adopt the Magistrate Judge's R&R in full.

Plaintiff has filed a proposed amended complaint.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 4) be accepted and adopted in its entirety.

It is further ordered that plaintiff's application to proceed *in form pauperis* (dkt. no. 1) without having to prepay the full filing fee is granted; plaintiff shall not be required to pay an initial installment fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

It is further ordered that the Clerk shall detach and file the complaint (dkt. no. 1-1).

It is further ordered that the following claims will be permitted proceed:

(a) the fourth claim for relief for violation of NRS § 40.180;

(b) the sixth claim for relief for theft under § NRS 205.0832 as to the taking of ore in September 2013 and the taking of the water tanks in February 2013;

///

    (c) the ninth and tenth claims for relief for trespass to chattel and conversion to the extent the conduct alleged in the complaint occurred within three years from the filing of the complaint; and

    (d) the eleventh claim for relief for violation of § NRS 40.140 (nuisance) to the extent the conduct alleged in the complaint occurred within three years from the filing of the complaint.

  It is further ordered that the following claims are dismissed with prejudice:

    (a) the first claim for relief for violation of NRS § 40.230 (forcible entry);

    (b) the second claim for relief for violation of NRS § 40.240 (forcible detainer);

    (c) the third claim for relief under NRS 4§ 0.170 (treble damages);

    (d) the fifth claim for relief for violation of NRS § 200.471 (assault); and

    (e) the sixth claim for relief for theft under NRS § 205.0832 insofar as it concerns the wrongful taking of the mining claims in 2009;

  It is further ordered that the seventh claim for relief for violation of § NRS 205.395 (false representation concerning title) is dismissed with leave to amend. The Court notes that Plaintiff filed a proposed amended complaint. (Dkt. no. 5.) However, the proposed amended complaint was prematurely filed before the Court adopted the R&R. Moreover, the proposed amended complaint contains significant new allegations, purports to add new parties and exceeds the scope of the amendment permitted in this Order. Accordingly, the proposed amended complaint will be stricken. Plaintiff is granted leave to file a revised proposed amended complaint with respect to the seventh claim for relief witin thirty (30) days from the date of this order. If Plaintiff files an amended complaint, the amended complaint must be served on the defendants or counsel. Plaintiff should be advised that if he chooses to file an amended complaint, it should be clearly titled as such by placing the words "AMENDED COMPLAINT" in the caption. Pursuant to Local Rule 15-1, the amended complaint must be complete in itself without reference to any prior complaint. Any allegations, parties or requests for relief from prior papers that are

not carried forward in the amended complaint will no longer be before the Court. If Plaintiff fails to file an amended complaint within the prescribed period of time, the action will proceed as set forth in this order.

It is further ordered that the Clerk is directed to file the compliant (dkt. no. 1-1) and issue a summons for the named defendants and send Plaintiff copies of service of process form (USM-285). Plaintiff will be given twenty (20) days to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendants. Within twenty (20) days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff is directed to file a notice with the Court indicating whether the defendant was served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the Court specifying the unserved defendant and providing a more detailed name and/or address for said defendant, or indicating that some other manner of service should be attempted. Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days of the date of this order.

It is further ordered that, once service is accomplished, Plaintiff must serve a copy of every pleading, motion or other document submitted for consideration by the Court upon the defendants or, if appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was mailed to the defendants or counsel. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, or any document that fails to include a certificate of service.

The Clerk is directed to strike the proposed amended complaint (dkt. no. 5).

DATED THIS 6th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4